IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LLOYD REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-03078-CV-W-RK[1] |
| | ) | Crim. No. 13-03084-01-CR-S-RK[2] |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Movant Lloyd Reeves's ("Movant")'s motion to vacate, set aside, or correct his sentence as an armed career criminal under 28 U.S.C. § 2255, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the Armed Career Criminal Act ("ACCA")'s residual clause is unconstitutional. The Government opposes the motion, arguing that *Johnson* does not affect Movant's sentence and he remains an armed career criminal because his ACCA predicate offenses were serious drug offenses or violent felonies under the enumerated offenses clause, not under the residual clause. The Government also argues that Movant's motion is not timely because Movant seeks relief based on statutory interpretation principles set forth in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and does not rely on the new rule of law announced in *Johnson*. For the reasons stated below, Movant's motion is **GRANTED**, Movant's sentence is **VACATED**, and a resentencing hearing is **ORDERED**.

### Background

On February 3, 2014, Movant pleaded guilty (doc. 23) pursuant to a plea agreement (doc. 31) to Count One of the indictment, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (doc. 1). In his plea agreement,

---
[1] Movant's civil case was originally assigned to District Judge Gary A. Fenner with Case No. 16-03078-CV-W-GAF. On March 4, 2016, Movant's civil case was reassigned and transferred to District Judge Roseann Ketchmark and was assigned this new Case No.

[2] Movant's criminal case was originally assigned to District Judge Gary A. Fenner with Case No. 13-03084-01-CR-S-GAF. On June 28, 2016, Movant's criminal case was reassigned and transferred to District Judge Roseann Ketchmark and was assigned this new Case No.

Movant acknowledged that "the minimum penalty the Court may impose is fifteen (15) years imprisonment[.]" (Doc. 31 at 3.)

A presentence investigation report ("PSR") was prepared on April 24, 2014. (Doc. 25.) The PSR stated that Movant had "at least three prior convictions for a violent felony or serious drug offense" under the ACCA. (*Id.* at 6.) It then listed four of Movant's convictions in Missouri: (1) a 1989 second-degree burglary of an "inhabitable structure," (2) a 1995 second-degree burglary of a "residence," (3) a 1999 second-degree burglary of an "inhabitable structure," and (4) a 2005 unlawful use of a weapon. (*Id.* at 6, 7-10.) The PSR also stated that Movant was "an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." (*Id.* at 6.) Movant did not object to the PSR. (Doc. 25 at 15.)

18 U.S.C. § 924(e) of the ACCA carries a minimum penalty of fifteen years' imprisonment, which, as stated previously, Movant acknowledged he was subject to when he pleaded guilty. (Doc. 31 at 3.) Accordingly, on September 29, 2014, Movant was sentenced to fifteen years' imprisonment, and a three-year period of supervised release. (Doc. 28.) Movant did not directly appeal his conviction or sentence.

Movant then filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on February 25, 2016, arguing that the Supreme Court's decision in *Johnson* renders his sentence illegal. (Doc. 1.)

**Standard of Review**

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Hardman v. United States*, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); *see also Hardman v. United States*, 191 F.Supp.3d 989, 992–93 (W.D. Mo. 2016) (denying Government's motion for reconsideration on the issue of the burden of proof).

**Discussion**

1. **Timeliness of Movant's Motion**

There is a one-year statute of limitation period for a movant to file a § 2255 habeas action. 28 U.S.C. § 2255(f). This one-year period runs from the latest of the following four possible events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which an applicable impediment made by the government is removed;

(3) the date on which a new rule of law was handed down if deemed retroactively applicable to cases on collateral review; or

(4) the date newly discovered applicable facts were discovered.

*Id.*

Movant's conviction became final in October of 2014. Movant did not file the instant motion until February of 2016 – nearly five months past the one-year limitation period. Movant's motion is still timely, however, if the case he relies on triggers 28 U.S.C. § 2255(f)(3)'s tolling provision. *Johnson* was decided on June 26, 2015. Movant filed this instant motion on June 22, 2016. *Mathis* was decided on June 23, 2016.

§ 2255(f)(3) is triggered if Movant relies on a "new rule of law" that was made retroactively applicable to cases on collateral review. Movant argues that his claims are based on *Johnson*, and since *Johnson* announced a new rule of law that applies retroactively to his 2014 sentence, his motion is timely under 28 U.S.C. § 2255(f)(3). The Government argues that Movant's claims are not based on *Johnson*, but are rather based on statutory interpretation principles set forth in the *Mathis* line of cases; therefore, Movant's motion is untimely because § 2255(f)(3) is not triggered by *Mathis*.

As discussed below, Movant's claims are based on *Johnson*. The deadline for filing a motion based on *Johnson* was June 26, 2016; Movant filed this motion on June 22, 2016, which was four days before the deadline. His motion is therefore timely.

2. **Application of *Johnson* and *Mathis***

*Johnson* invalidated the residual clause of the ACCA, which was the announcement of a "new" rule that is retroactively applicable on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). *Mathis,* on the other hand, did not announce a "new" rule. *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016). It merely clarified when

a court can use the modified categorical approach to determine whether a prior conviction falls under the enumerated offenses clause of the ACCA. *Mathis*, 136 S. Ct. at 2257. Therefore, *Johnson* – a "new rule" – triggers § 2255(f)(3)'s timeliness requirement, while *Mathis* – an "old rule" – does not. Key to determining whether Movant's motion is timely, then, is determining which case – *Johnson* or *Mathis* – entitles him to relief.

At issue in *Johnson* was whether the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. The ACCA requires the enhanced statutory range of punishment for anyone convicted of violating § 922(g) if the person has three previous convictions that qualify as either a "violent felony" or as a "serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is defined under the ACCA as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated clause"); or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id*. § 924(e)(2)(B)(i), (ii). The *Johnson* Court held that a sentence that was enhanced under the residual clause of the ACCA violates the Constitution's guarantee of due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The United States Supreme Court then held that the rule articulated in *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1258.

In *Mathis*, the Supreme Court addressed the enumerated offenses clause of the ACCA. *Mathis*, 136 S. Ct. at 2248–53. In determining whether a prior conviction qualifies as an ACCA predicate conviction under the enumerated clause, the Court utilizes four steps. In step one, the focus is solely on comparing the underlying elements of the criminal statute involved in the prior conviction with the elements involved in the enumerated offense. The elements of the underlying criminal statute must categorically (or completely) match the elements of the generic definition of the enumerated offense for a conviction under that statute to always qualify as an ACCA enumerated offense. This step one approach is called the "categorical approach." If the criminal statute contains all of the elements but also includes additional aspects of how the crime can be committed, it is "overly-broad," and the analysis then proceeds to step two. In step two, a determination is then made as to whether the additional or over-inclusive aspects of the criminal statute set forth alternate means or set forth alternate elements. If the over-inclusive aspects are determined to be alternate means, then the analysis stops and the criminal statute cannot ever

4

qualify as a predicate offense under the enumerated clause. If the over-inclusive aspects are determined to be alternative elements, then the analysis proceeds to step three. Step three involves the determination of whether the criminal statute is divisible or not. An over-inclusive criminal statute has a divisible structure when the statute defines multiple crimes by listing one or more elements in the alternative. *United States v. Lamb*, 847 F.3d 928, 931 (8th Cir. 2017). If the criminal statute is divisible, then you proceed to step four. In step four the "modified categorical approach" is utilized to allow a court to review certain case documents from the prior state proceedings to determine if the elements proven for the conviction (rather than the facts that led to the conviction) categorically match the elements of the generic offense. If there is a complete match, then under this "modified categorical approach" the prior conviction would qualify as a predicate offense under the enumerated clause. *Mathis*, 136 S. Ct. at 2248-53.

The underlying criminal convictions in *Mathis* involved the Iowa burglary statute. 136 S. Ct. at 2250. Specifically, the Court held that the elements of Iowa's burglary statute—which apply to "any building, structure, [or] land, water, or air vehicle"—are broader than those of generic "burglary"—which requires unlawful entry into a "building or other structure." *Id.* The Court then found the additional aspects of the statute allowing for a burglary of "land, water, or air vehicle" were alternate "means" of committing the offense rather than alternate "elements" of committing the offense. *Id.* Therefore, the Iowa burglary statute was found to not be divisible, and the prior convictions under the Iowa burglary law could not give rise to a sentence enhancement under the ACCA. *Id*. at 2256, 2257.

Although any relief Movant may be entitled to would involve both a *Johnson* and *Mathis* analysis, "[a]s this Court and other courts have recognized, it is *Johnson*, and not earlier Supreme Court decisions such as *Mathis*, that may offer persons such as Movant relief from his status as an armed career criminal." *Redd v. United States*, 2017 WL 633850, at *3 (E.D. Mo. Feb. 16, 2017) (citing *Taylor v. United States*, 2016 WL 6995872, at *3–5 (E.D. Mo. Nov. 30, 2016)) (other citations omitted); *see also United States v. Ladwig*, 192 F.Supp.3d 1153, 1159-61 (E.D. Wash. 2016). This is because without *Johnson'*s invalidation of the residual clause, Movant would not have a claim under *Mathis* that he is not an armed career criminal. It is clear after *Mathis* that Movant's second-degree burglaries of inhabitable structures may possibly no longer automatically qualify as predicate ACCA violent felonies under the enumerated clause. But these convictions would still have qualified, at the time of Movant's sentencing, as predicate

5

felonies under the residual clause. *See United States v. Cantrell*, 530 F.3d 684, 695–96 (8th Cir. 2008) (holding that Missouri's second-degree burglary offense was categorically a "crime of violence" despite the statute's broad definition of "inhabitable structure."). "Only with *Johnson's* invalidation of the residual clause [can Movant] reasonably argue that he is no longer eligible for the ACCA enhancement." *Ladwig*, 192 F.Supp.3d at 1160-61; *see also Taylor*, 2016 WL 6995872, at *3.

Because *Johnson* provides Movant with an avenue of relief that was not previously available to him, his motion utilizes the *Johnson* decision and therefore relies on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

### 3. **Movant's status as an Armed Career Criminal**

The Court now addresses the merits of the instant motion. Movant's conviction for being a felon unlawfully in possession of a firearm would normally carry a maximum sentence of ten years' imprisonment. 18 U.S.C. § 924(a)(2). The sentencing court determined, however, that Movant had at least three predicate convictions, which increased his potential sentence from a *maximum* of ten years' imprisonment to a *minimum* of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). As such, if a retroactively applicable change in the law – such as *Johnson* – establishes that Movant may not have three predicate convictions, then his fifteen-year sentence could be illegal.

Movant had four potential ACCA predicate convictions at his sentencing in 2014: two for burgling an "inhabitable structure," one for burgling a "residence," and one for the unlawful use of a weapon. Movant contends that, after the announcement of *Johnson* in June of 2015, his burglaries of an inhabitable structure no longer count under the residual clause of the ACCA. He additionally contends that neither conviction ever counted under the enumerated clause of the ACCA. If that is so, then Movant has only two potential ACCA predicate convictions, and his current sentence is illegal.

Because *Johnson* invalidated the residual clause, Movant's convictions for burgling an inhabitable structure count as ACCA predicate convictions only if they qualify under the enumerated clause.[3] Stated simply, if a crime's "elements are the same as, or narrower than,

---

[3] Movant's burglaries do not appear to count under the "force" clause of the ACCA, and the Government has not briefed nor advanced that argument.

6

those of the generic offense [of burglary,]" then that conviction may count under the enumerated clause; if the elements are broader, then that conviction may not. *Mathis*, 136 S. Ct. at 2249.

The Eighth Circuit recently held that Missouri's second-degree burglary statute, Mo. Rev. Stat. § 569.170(1), enumerates "at least two alternative elements: burglary 'of a building' and burglary of 'an inhabitable structure,' separated in the text by the disjunctive 'or.'" *United States v. Sykes*, 844 F.3d 712, 715 (8th Cir. 2016) (citing *Mathis*, 136 S.Ct. at 2256). Therefore, § 569.170(1) is divisible, and courts should apply the modified categorical approach to determine whether a conviction pursuant to § 569.170(1) matches the generic description of burglary. Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

Here, the only issue is the locational element: "The generic offense [of burglary] requires unlawful entry into a 'building or other structure.'" *Mathis*, 136 S. Ct. at 2250 (citing *Taylor*, 495 U.S. at 598). Movant's burglary convictions that are currently at issue were for burgling an "inhabitable structure" in Missouri. That locational element, at first glance, seems to match the generic offense. Under Missouri law, however, an "inhabitable structure . . . includes a ship, trailer, sleeping car, airplane, or other vehicle or structure . . . ." Mo. Rev. Stat. § 569.010(2). A conviction for burgling an "inhabitable structure," then, seems to cover a broader swath of conduct than that of the generic offense. As such, on the record before the Court,[4] Movant's

---

[4] The Court is not convinced that an indictment using "inhabitable structure" as the locational element is *per se* broader than the generic offense after *Mathis*. *But see Bess*, 655 Fed. App'x. at 519. *Mathis* announced three purposes for its "elements vs. means" distinction: 1) the text of the ACCA favors that approach; 2) the potential conflict with *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and 3) the defendant may not have a reason to contest a "non-elemental fact" in the record of prior conviction. *Mathis*, 136 S. Ct. 2243, 2252-53. But there are situations where none of those concerns are present.

First, the modified categorical approach under the ACCA has always allowed the court to look at *some* facts, especially in the context of guilty pleas. *Shepard v. United States*, 544 U.S. 13, 26 (2005) ("We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.")

Second, defendants that plead guilty and consent to judicial fact-finding, as Movant did, waive their *Apprendi* rights. *Blakely v. Washington*, 542 U.S. 296, 310 (2004) ("[N]othing prevents a defendant from waiving his *Apprendi* rights.") And where a defendant concedes in his factual basis that he should be sentenced under Section 924(e), as Movant did, (crim. doc. 15 at 3), there is not a concern that "there

convictions for burgling an "inhabitable structure" do not appear to count as "violent felonies" under the enumerated clause of the ACCA.

Because both of Movant's burglary convictions of "inhabitable structures" cannot count under the residual clause, and – on the current record before the Court – do not appear to count under the enumerated clause, those convictions may possibly not count as ACCA predicate convictions. As such, the record indicates that Movant has only two predicate convictions: burgling a residence and unlawful use of a weapon. Consequently, the Court is not certain that Movant has at least three ACCA predicate convictions that count as "violent felonies" or "serious drug offenses" under the ACCA, and he may be serving a sentence that is not permitted by the laws of the United States. Movant is therefore entitled to a resentencing hearing to determine whether he has three ACCA predicate convictions.

Accordingly,

**IT IS HEREBY ORDERED** that movant Lloyd Reeve's Motion to Vacate, Set Aside, or Correct Sentence (doc. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that the judgment and commitment in *United States v. Lloyd Reeves*, Case No. 13-03084-01-CR-S-RK is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall prepare an updated presentence investigation report on Mr. Reeves. Movant is **GRANTED** a new sentencing hearing. Until the sentencing hearing, Mr. Reeves' detention order remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 27, 2017

---

may be [ ] doubt as to the judgment which should be given, if the defendant [pleads guilty.]" *Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013). Stated another way, the defendant knew and agreed that he was subject to the statutory-mandated fifteen-year minimum sentence prior to pleading guilty.

Third, there are certain situations where a defendant would have a pressing reason to contest the way in which he committed the crime. Therefore, at resentencing, the Court asks the Government to produce all *Shepard* documents from the predicate convictions so the Court can determine, consistent with its understanding of the spirit of *Mathis*, whether Movant's burglary convictions may count as ACCA predicate convictions.